Honorable Bruce T. Beesley
United States Bankruptcy Judge

**Entered on Docket**
**June 26, 2013**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| In Re: | ) | BK-N-12-52663-btb |
| | ) | Chapter 13 |
| MARCO C. DIGIACINTO | ) | |
| dba MD TREE SURGERY | ) | Date: 4-26-2013 |
| Debtor(s). | ) | Time: 10:00 A.M. |
| | ) | |

## MEMORANDUM OF OPINION

This Court has jurisdiction of this Chapter 13 bankruptcy under 28 U.S.C. § 1334(a). The allowance or disallowance of the Nevada Division of Industrial Relations claim against the estate is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

### FACTS

The Debtor filed for Chapter 13 bankruptcy relief on November 26, 2012. On January 7, 2013, the Nevada Division of Industrial Relations (hereinafter "DIR") filed Proof of Claim No. 6 in Debtor's case in the amount of $74,661.45. The DIR's claim specified the claim as being entitled to priority under 11 U.S.C. § 507(a)(8). On March 15, 2013, the Debtor filed an objection (Docket No. 22) to the DIR's Proof of Claim No. 6. In support of the objection, the Debtor submitted evidence in the form of a separate Declaration based upon personal knowledge and executed under penalty of perjury.

Attorney Nancy E. Wong filed a response (Docket No. 25) on behalf of the DIR to the Debtor's objection on April 8, 2103. The Debtor filed his Reply (Docket No. 27) on April 19, 2013.

1

A hearing on Debtor's objection was held in Reno on April 26, 2013. Debtor was represented by attorney Harold C. Comanse. The DIR was represented by Nancy E. Wong, and Dennis Belcourt appeared on behalf of the State of Nevada. The Court heard statements of counsel, the Court then adjourned the hearing until May 24, 2013.

On May 24, 2013, the Court again heard brief statements from counsel and advised counsel that a ruling on the objection would be made by the Court on May 31, 2013.

On May 31, 2013, the Court delivered its ruling and sustained the Debtor's objection to the priority tax claim of the DIR. Appearing telephonically for the hearing were Nancy E. Wong for the DIR, and Dennis Belcourt for the State of Nevada.

**ANALYSIS**

At issue is whether under the relevant Nevada Industrial Insurance Statutes, NEV. REV. STAT. §§ 616A to 616D, a private creditor similarly situated to the DIR can be hypothesized. *See, California Self-Insurers Security Fund v. Lorber Industries of California (In re Lorber)* 564 F.3d 1098, 1102-1103 (9th Cir., 2009); *George v. Uninsured Employers Fund (In re George)* 361 F.3d 1157, 1162 (9th Cir., 2004).

The Debtor relies on the precedent of *In re Lorber* and *In re George* to assert a private creditor similarly situated to the DIR can be hypothesized under the relevant Nevada statutes, therefore, the DIR's claim cannot be considered an excise tax.

The DIR relies upon *Grover C. Dils Med. Ctr. v. Menditto*, 112 P.3d 1093 (Nev., 2005) to argue the judicial doctrine of the last injurious exposure rule prevents a private creditor similarly situated to the DIR, thus Nevada law is similar to the Arizona law applied in *In re Camilli*, 94 F.3d 1330 (9th Cir. 1996).

The Court finds in this case the Debtor's argument is more persuasive, and sustains the Debtor's objection. The Court finds under the relevant Nevada statutes a private creditor similarly situated to the DIR can be hypothesized, therefore, the DIR's Proof of Claim No. 6 cannot be considered an excise tax.

The Court finds further that plain language of the Nevada statutes do not identify payment by the DIR for uninsured workers as having the same priority as excise taxes.

### CONCLUSION

Therefore, the Court concludes the DIR's claim in this case does not qualify as an excise tax, and is not entitled to priority under 11 U.S.C. § 507 (a)(8)(E) because a private creditor similarly situated to the government can be hypothesized under the relevant Nevada Industrial Insurance Statutes. *See, California Self-Insurers Security Fund v. Lorber Industries of California (In re Lorber)* 564 F.3d 1098, 1102-1103 (9th Cir., 2009); *George v. Uninsured Employers Fund (In re George)* 361 F.3d 1157, 1162 (9th Cir., 2004).

This Memorandum constitutes the Court's findings of fact and conclusions of law under FED. R. BANKR. P. 7052. For the reasons set forth above, a separate Order conforming with FED. R. BANKR. P. 9021 will be entered sustaining the Debtor's Objection (Docket No. 22) to the DIR's Proof of Claim No. 6.

RESPECTFULLY SUBMITTED:

/S/ HAROLD C. COMANSE, ESQ.
HAROLD C. COMANSE, ESQ.
Attorney for Debtor

Approved/Disapproved

NANCY L. WONG, ESQ.
Division of Industrial Relations

Approved/Disapproved

DENNIS L. BELCOURT, ESQ.
Office of the Attorney General

3